# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEDRIC BUFFKIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-cv-4735 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| UNITED STATES POSTAL SERVICE, and | ) | |
| NATIONAL POSTAL MAILHANDLERS | ) | |
| UNION, LOCAL 306 | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dedric Buffkin filed this federal employment lawsuit against the United States Postal Service ("USPS"), as well as the National Postal Mailhandlers Union, Local 306 ("Union"). His complaint, in its entirety, reads:

> I, Dedric Buffkin was a full time employee for the U.S. Postal Service for 9 ½ years. Until July of 2007 when I was wrongfully terminated for something the supervisor accuse me of doing. I went to arbitration The arbitrators heard my case. And they rules that lost my job because my union, "Local 306," filed my grievance late. As to my knowledge the Union have certain rules and laws they have to floow and they didn't.

Pl. Compl. [sic throughout]. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is the Union's motion for summary judgment [18]. For the reasons set forth below, the motion is granted.

**I.  Facts**

On summary judgment, the record evidence is viewed in the light most favorable to the non-moving party—in this instance, Plaintiff. The Court takes the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements. Normally, that includes Defendant's Statement of Facts, Plaintiff's Response to Defendant's Statement of Facts, Plaintiff's Statement of

Additional Facts, and Defendant's Response to Plaintiff's Statement of Additional Facts. In this case, only Defendant, Union, filed an L.R. 56.1 fact statement ("Def. SOF"). Plaintiff is proceeding *pro se* and received an L.R. 56.2 "Notice to Pro Se Litigant Opposing Summary Judgment" [21] but has provided no response to the Union's motion for summary judgment, nor has he offered fact statements of his own. Accordingly, all of the Union's properly supported fact statements have been deemed admitted.[1]

The facts are these: Plaintiff was discharged from his position with USPS on June 2, 2007, at which time he received a "Notice of Removal." Def. SOF ¶ 5. The Notice of Removal informed Plaintiff that he had a right to file a grievance within 14 days—that is, by June 16, 2007. Def. SOF Ex. C, at 2. Plaintiff did not file a grievance, although the Union did. Def. SOF ¶ 6. On August 4, 2008, an arbitrator considering Plaintiff's grievance dismissed the claim as untimely. Def. SOF ¶ 7. The Union mailed a copy of the arbitrator's ruling to Plaintiff and a Union vice-president discussed the ruling with Plaintiff no later than August 13, 2008. Def. SOF ¶ 8. Plaintiff filed suit in federal court on August 4, 2009 [1].[2]

## II. Legal Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Factual

---

[1] Where the opposing party has failed to file a response statement, all material facts set forth by the moving party's statement are deemed to be admitted. See L.R. 56.1(b)(3)(C); *Blunt v. Exelon/Commonwealth Edison Co.*, 2009 WL 2244703, at * 1 (N.D. Ill. July 28, 2009). Therefore, the Court takes the relevant facts solely from Defendant's L.R 56.1 SOF [19]. See *Visco Fin. Servs., Ltd. v. Siegel*, 2009 WL 1563853, at *2 (N.D. Ill. June 4, 2009) ("[Defendant] has not responded to the motion for summary judgment, despite having the opportunity to do so. As a result, [Plaintiff's] statement of undisputed facts [is] deemed admitted.").

[2] A complaint is filed in a federal case, for limitations purposes, when the clerk receives the complaint, not when the fee has been paid. *Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001).

disputes that are irrelevant to the outcome of the suit "will not be counted." *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003) (quotation marks and citations omitted). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III. Analysis

The Union contends in its motion to for summary judgment that Plaintiff's claim is time-barred. The Court concludes that the Union is correct: there is a six-month limitations period for hybrid actions brought pursuant to 29 U.S.C. § 1208(b), and Plaintiff waited approximately one-year to file suit. Therefore, his action is time-barred.

Title 39, Section 1208(b) of the United States Code, authorizes suits against USPS and labor organizations representing USPS employees in certain circumstances. That provision provides: "Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." Plaintiff's suit is a so-called "hybrid claim," in which he is suing both

USPS for breaching a provision of the applicable collective bargaining agreement and the Union for mishandling the grievance. See *Bowen v. U.S. Postal Serv.*, 459 U.S. 212, 218 (1983) (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)). At least a hybrid claim is what Plaintiff's case *appears* to be, although he has not said if another legal theory is applicable, and the Court perceives none. In any event, as the Seventh Circuit often reminds litigants, summary judgment is the "put up or shut up" moment in the life of a case. *E.g.*, *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 476 (7th Cir. 2010). Accordingly, the Court considers Plaintiff's claim as arising solely under 39 U.S.C. § 1208(b).

A bevy of unpublished appeals court decisions concludes that the applicable statute of limitations for a hybrid action brought under 39 U.S.C. § 1208(b) is six-months. Two circuits have explicitly held as much. *Trent v. Bolger*, 837 F.2d 657, 659 (4th Cir. 1988); *Abernathy v. U.S. Postal Serv.*, 740 F.2d 612, 613 (8th Cir. 1984). No circuit to have considered the question has reached a contrary conclusion, published or otherwise.

Although the Seventh Circuit does not seem to have decided the matter, the six-month limitations period would appear to apply. In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154 (1983), the Supreme Court held that a hybrid action brought under 29 U.S.C. § 185 was subject to the six-month statute of limitations period contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. 160(b).[3] *DelCostello*, 462 U.S. at 172. The Court reasoned that in the

---

[3] As discussed below, 29 U.S.C. § 185(a) is nearly identical to 39 U.S.C. § 1208(b). The former provision provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The latter provision, § 1208(b), provides: "Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may

4

absence of an express limitations provision, the task was to borrow "the most suitable statute or other rule of timeliness from some other source." 462 U.S. at 158. After an exhaustive analysis, in which the Court observed that no source of limitations would prove perfect, the Court concluded: "[W]e have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here—a statute that is, in fact, an analogy to the present lawsuit more apt than any * * * suggested state-law parallels." *Id.* at 169. The provision in question was the six month limitations period in 29 U.S.C. § 160(b). The limitations period applies to both the employer and the union. *Id.* at 169 n.19 (noting that an alternative limitations period proposed by the dissenting justice would have had "the unfortunate effect of establishing different limitations periods for the two halves of a" hybrid claim).

The language used in 39 U.S.C. § 1208(b) closely parallels the language in 29 U.S.C. § 185(a), indicating that Congress intended to afford similar relief to employees of USPS as is available to employees who work under collective bargaining agreements for private employers. The close similarity in the two sections extends throughout their provisions, not just the subsections that provide the causes of action. Moreover, the reasoning of the Supreme Court's decision in *DelCostello*, undergirded by "the policies of federal labor law and the practicalities of hybrid * * * litigation," applies to suits under Section 185(a) and Section 1208(b) with equal force. Indeed, if anything the reasoning of *DelCostello* applies with greater force to actions, such as Plaintiff's, that are brought under 39 U.S.C. § 1208, because the provision by its terms applies only to the United States Postal Service, an inherently federal enterprise. See, *e.g.*, U.S. Const. art. I, § 8, cl. 7 (providing Congress with the authority to "establish Post Offices and post

---

be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy."

Roads"). Thus, it is appropriate, as the Fourth Circuit and the Eighth Circuits have concluded, to borrow the six-month limitations period of 29 U.S.C. § 160(b). *Trent*, 837 F.2d at 659; *Abernathy*, 740 F.2d at 613; see also, *e.g.*, *Beach v. U.S. Postal Serv.*, 2009 WL 2477529, at *4 (D. Md. Aug. 11, 2009) (six-month limitations period applicable to hybrid claim against USPS and postal employee's union); *Marshall v. Nat'l Assoc. of Letters Carriers Br. 36*, 2003 WL 223563, at *4-5 (S.D.N.Y. Feb. 3, 2003) (same); *Nighswander v. Henderson*, 172 F. Supp. 2d 951, 965 (N.D. Ohio 2001) (same); *Mincey v. U.S. Postal Serv.*, 879 F. Supp. 567, 572 (D.S.C. 1995) (same).

The Court concludes that, even viewing the calendar and the record in the light most favorable to Plaintiff, his case is barred by the applicable six-month statute of limitations. Plaintiff's cause of action accrued no later than mid-August[4] of 2008, when the arbitrator concluded that the Union's grievance was inarbitrable because it was late-filed and Plaintiff learned of the decision. *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 n.2 (7th Cir. 1995) ("[A] Section 301/fair representation claim usually accrues from the time a final decision on a plaintiff's grievance has been made or from the time a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance.") (quotation marks omitted). Yet, Plaintiff did not file his lawsuit until August 4, 2009, approximately one year later. Thus, his action is time-barred.

---

[4] In a separate order issued today granting USPS's summary judgment motion, the Court fixes the date as August 4, 2008, which is the date of the arbitrator's decision. The Union indicates that Plaintiff learned of the arbitrator's ruling no later than August 13, 2008. The slight disharmony between the two records does not alter the outcome of either motion.

## IV. Conclusion

For the reasons set forth above, the Union's motion for summary judgment [18] is granted.

Dated:  August 9, 2010  	_____
	Robert M. Dow, Jr.
	United States District Judge